**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINA C.,<br>Plaintiff,<br>v. | : | CIVIL ACTION |
| FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br>Defendant. | : | No. 25-7120 |

**MEMORANDUM OPINION**

**PAMELA A. CARLOS**
**U.S. MAGISTRATE JUDGE** **August 7, 2026**

Plaintiff Christina C. seeks to challenge the Social Security Administration's decision to deny her application for social security disability benefits. However, despite multiple chances, Plaintiff has failed to file an appropriate brief and statement of issues in support of her request for review. Nor has she responded to my order to show cause as to why this case should not be dismissed for failure to prosecute. Therefore, for the reasons stated below, I am constrained to dismiss Plaintiff's case.

## I. BACKGROUND

On December 16, 2025, Plaintiff initiated the present social security appeal by filing a *pro se* complaint and motion for leave to proceed *in forma pauperis*. *See* Doc. Nos. 1, 2. The undersigned initially denied the *in forma pauperis* motion without prejudice because it lacked sufficient financial information to allow the Court to determine whether Plaintiff had the means to pay the requisite filing fee. *See* Doc. No. 5. The order set the new deadline for Plaintiff to either pay the filing fee or file a renewed motion for leave to proceed *in forma pauperis* to January 21, 2026. *Id.* Recognizing that the Plaintiff was representing herself in this matter, the

Court also provided her with the notice and form motion for the appointment of counsel in social security cases. *Id.*

Shortly thereafter, on January 5, 2026, Plaintiff returned the form motion for the appointment of counsel. *See* Doc. No. 6. However, because the motion was unsigned, it was denied without prejudice to Plaintiff resubmitting a completed and signed motion no later than February 4, 2026. *See* Doc. No. 7. Both deadlines—for the renewed *in forma pauperis* motion and for the appointment of counsel motion—came and went without any filing from the Plaintiff. Therefore, on February 25, 2026, the undersigned extended both deadlines to March 27 and provided Plaintiff with additional copies of the appropriate forms. *See* Doc. No. 8. A day later, on February 26, 2026, Plaintiff resubmitted her motion to proceed *in forma pauperis*, *see* Doc. No. 9, which the undersigned promptly granted, *see* Doc. No. 10.

After service was made electronically, the case then proceeded, and the Social Security Administration timely uploaded the underlying administrative record to the docket. *See* Doc. No. 12. Under the standing procedural order and applicable social security rules, this triggered the deadline for the plaintiff's brief in support of her request for review, making it due forty-five days later, or May 15, 2026. *See* Doc. No. 11 (standing procedural order). To avoid any confusion, the undersigned issued an order, on April 7, 2026, memorializing that deadline and advising the parties of the other upcoming deadlines. *See* Doc. No. 14. A week after the May 15th deadline passed without any filing from Plaintiff, the undersigned issued a new order extending Plaintiff's deadline to June 5, 2026, and warning her that "[f]ailure to timely file her brief may result in dismissal for failure to prosecute." *See* Doc. No. 15.

Despite this warning, however, Plaintiff still did not comply. As such, on June 26, 2026, the undersigned issued an order directing Plaintiff to show cause in writing as to why this matter

should not be dismissed for failure to prosecute. *See* Doc. No. 16 (citing to *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)). The order provided Plaintiff until July 10, 2026, to timely respond. That deadline passed nearly a month ago without any response from Plaintiff. Therefore, this matter is now ready for disposition.[1]

## II. DISCUSSION

District courts are authorized to *sua sponte* dismiss any civil action where the plaintiff fails to prosecute the case or comply with court orders. *See* FED. R. CIV. P. 41(b); *Shields v. Comm'r Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) (not precedential) (citing to *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). But before dismissing any case for lack of prosecution, the district court generally must first consider the six factors discussed in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).[2] These factors are "(1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary . . . ; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Id.* (emphasis in original). Not every factor needs to be satisfied to justify dismissal nor is any one factor dispositive. *Arvelo v.*

---

[1] The parties were advised of the availability of a United States Magistrate Judge to oversee this matter and conduct all proceedings, including the entry of a final judgment pursuant to 28 U.S.C. § 636(c). The Commissioner has provided the Court with a general consent for all social security cases. Plaintiff was directed to return a form indicating whether or not she too consented to have me conduct all proceedings in this matter. *See* Doc. No. 4. At that time, she was warned that failure to file the form at all may be deemed as consent. *Id.* Despite being reminded in a follow-up order, *see* Doc. No. 8, Plaintiff never filed the form, and thereafter I found that she has consented to my jurisdiction, *see* Doc. No. 13.

[2] There is a compelling argument that this case may be dismissed without an evaluation of the *Poulis* factors "because adjudication of this case is impossible." *See Morris v. Comm'r of Soc. Sec.*, No. 18-3616, 2020 WL 362748, at *2 (E.D. Pa. Jan. 22, 2020) (citing *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007) and *McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012)). Indeed, the complaint used in social security appeals is "a form document which merely states that [plaintiff] seeks judicial review of an adverse decision of the [Commissioner]." *Id.* Without a brief from Plaintiff identifying the specific errors committed by the Administrative Law Judge in adjudicating her claim, "this Court has no way of knowing what issues [Plaintiff] wishes the Court to review, making it impossible for this Court to adjudicate [her] appeal." *Id.* Nevertheless, even when considering the *Poulis* factors, I find that dismissal is warranted.

*Saul*, No. 20-213, 2021 WL 1174559, at *2 (E.D. Pa. Mar. 29, 2021) (Lloret, M.J.) (citing to *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019)). I will address each factor in turn below.

**A. Party Responsibility.**

To start, Plaintiff is fully responsible for not litigating this case. She has represented herself throughout the pendency of this action, and therefore, the lack of compliance is fully attributable to her. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (noting that a *pro se* party's failure to comply with court orders could not be blamed on counsel). As such, this factor strongly weighs in favor of dismissal.

**B. Prejudice.**

Next, the delays caused by Plaintiff's failure to litigate this action have certainly prejudiced the Commissioner. Without any indication from Plaintiff as to what claims she is raising in this appeal, the Commissioner is unable to respond and "move this action towards a resolution." *Arvelo*, 2021 WL 1174559, at *2; *see also Crammer o/b/o J.T.M. v. Saul*, No. 19-849, 2020 WL 2793242, at *2 (E.D. Pa. May 29, 2020) (Sitarski, M.J.). Therefore, this factor too weighs in favor of dismissal.

**C. History of Dilatoriness.**

Turning to the third factor, Plaintiff has demonstrated a clear history of dilatoriness. By completely disregarding her obligations under various court orders, Plaintiff has created a strong pattern of dilatory behavior. *See, e.g.*, *Quinnones-Prat o/b/o J.S.Q. v. Kijakazi*, No. 20-3825, 2022 WL 1063024, at *3 (E.D. Pa. Apr. 8, 2022) (Hey, M.J.) (finding "a pattern of dilatoriness by continually being late in complying with deadlines, or ignoring them, altogether" (citations omitted)). For example, after successfully initiating this action and submitting a motion to

proceed *in forma pauperis*, Plaintiff has "failed to take any affirmative steps to litigate this case," including completing and signing the form motion for appointment of counsel or responding to the multiple orders directing her to file her opening brief or respond to the show cause order. *See Morris v. Comm'r of Soc. Sec.*, No. 18-3616, 2020 WL 362748, at *2 (E.D. Pa. Jan. 22, 2020). Accordingly, this factor weighs in favor of dismissal.

**D. Willfulness or Bad Faith.**

The fourth factor—willfulness or bad faith—has not necessarily been established here. "Willfulness involves intentional or self-serving behavior." *Adams* v. *Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). Although there may be an argument that the repeated failure to comply with court orders is, at a minimum, intentional and therefore willful, I will give Plaintiff the benefit of the doubt that such failures may just be mere negligence. As such, this factor weighs against dismissal.

**E. Alternative Sanctions.**

Looking at the next factor, there are no other sanctions that would be effective in obtaining Plaintiff's participation in this matter. Notably, lesser sanctions, such as directives for compliance and show cause orders, have already been used to no avail: Plaintiff has simply ignored them. This suggests that any alternative sanctions other than dismissal would be ineffective. *See Collura v. City of Phila.*, 590 F. App'x 180, 188 (3d Cir. 2014) (weighing the fifth *Poulis* factor in favor of dismissal because the party's "history of unresponsiveness to the District Court's orders suggest that alternative sanctions would not be effective"). Therefore, this factor also weighs in favor of dismissal.

**F. Meritoriousness of Claims.**

Lastly, it is not possible to evaluate whether Plaintiff's claims of error are meritorious because she has not filed an opening brief in this case. *See, e.g.*, *Morris*, 2020 WL 362748, at *3; *Crammer*, 2020 WL 2793242, at *3. As such, this factor is neutral.

## I. CONCLUSION

For the reasons explained above, the *Poulis* factors weigh heavily in support of dismissal, and therefore this matter is **DISMISSED without prejudice** for failure to prosecute. An appropriate order follows.

BY THE COURT:

_*s/Pamela A. Carlos*__________
PAMELA A. CARLOS
U.S. Magistrate Judge